

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

—————————————————

No. 06-10-00056-CR

—————————————————

KREASHA SIMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 217th Judicial District Court
Angelina County, Texas
Trial Court No. CR-28025

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

OPINION

After a putative waiver of the right to appeal, Kreasha Sims pled guilty, in an open plea before the 217th Judicial District Court in Angelina County,[1] to the offense of arson.[2] After signing her waiver and before she pled guilty, Sims had been admonished by the trial court that she had waived the right to appeal anything except matters arising from the sentencing hearing. After her plea and some delay in getting a presentence investigation (PSI) report, the trial court found her guilty and sentenced her to ten years' confinement in this case and five years' confinement in the companion case.

Sims seeks to appeal from her conviction, arguing that her guilty plea was involuntary and that her trial counsel was ineffective. The State cites the waiver of the right to appeal and contests Sims' substantive arguments on appeal. We affirm the trial court's judgment because—although (1) Sims' right to appeal was not waived—(2) improper admonishments by the trial court did not make Sims' plea involuntary, (3) the claim that Sims' plea was involuntary due to her alleged incompetence was not preserved, and (4) the record does not demonstrate ineffectiveness by Sims' trial counsel.

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]The trial court proceeding appealed in this matter bears the trial court's cause number 28,025. In a companion case, trial court cause number 29,162, Sims pled guilty to aggravated assault on a public servant. That companion appeal bears our cause number 06-10-00057-CR and is being decided at the same time as this case.

2

*(1)      Sims' Right to Appeal Was Not Waived*

The first question we must address involves the jurisdiction of this Court.   The trial court's

certification of Sims' right to appeal contains a handwritten notation reciting that Sims waived her

right to appeal the guilty plea in this case, but that she reserved the right to appeal the punishment

proceedings.[3]

When a defendant's waiver of the right to appeal was entered before he or she knew what

the punishment would be, the waiver is ineffective.   *See Ex parte Delaney*, 207 S.W.3d 794, 797

(Tex. Crim. App. 2006); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000) (waiver

of appeal enforceable when executed after conviction, but before sentencing, in exchange for

---

[3]The written plea admonishments used here are a fairly typical "check the box" boilerplate form that tries to cover every possible variation of sentencing, and provides admonishments to the defendant.  Sims' form contains the following admonishment:

> PERMISSION TO APPEAL:   . . . where you plead guilty or nolo contendere without a plea bargain agreement, all nonjurisdictional defects, including claimed deprivations of federal due process, are waived and no appeal may be made.

This is not one of the required admonishments set out by Article 26.13 of the Texas Code of Criminal Procedure. With some additions, it derives from the old *Helms* rule.   *See Helms v. State*, 484 S.W.2d 925, 926 (Tex. Crim. App. 1972).  In 2000, however, the Texas Court of Criminal Appeals superseded *Helms* in adopting a new rule:

> Whether entered with or without an agreed recommendation of punishment by the State, a valid plea of guilty or nolo contendere "waives" or forfeits the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error.

*Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).   After *Young*, a guilty plea does not necessarily waive a right to any appeal.  Thus, the admonishment given Sims is not accurate and is misleading as to the rights of a defendant who pleads guilty without a plea agreement.

The erroneous admonishment was repeated orally during the plea proceeding.  The State suggests that perhaps the oral exchange would suffice to show Sims' intention to waive her right of appeal.  It does not.  It is nothing more than her acknowledgement of a pronouncement by the trial court.   As the pronouncement was incorrect, we find Sims' acknowledgement thereof irrelevant.

3

recommended sentence). Thus, post-sentencing waivers of the right to appeal are valid, as are waivers when plea agreements have been entered. Another way a presentencing waiver can be enforceable without a plea agreement is when the State has given some consideration for the waiver, such as a consent in some other aspect of the case. *Ex parte Broadway*, 301 S.W.3d 694 (Tex. Crim. App. 2009). None of those factors support the waiver in this case. On its face, therefore, it appears that this waiver fails.

The State cites an earlier case for the proposition that a valid, nonnegotiated waiver of appeal will prevent a defendant from appealing any issue without the consent of the trial court. *Monreal v. State*, 99 S.W.3d 615, 616 (Tex. Crim. App. 2003). In its argument, the State relies on particular language from *Monreal*:

> When asked to choose between a rule stating that a waiver of appeal is binding unless and until the defendant files a notice of appeal and a rule stating that a valid waiver of appeal is binding on the defendant and will prevent the defendant from appealing without the consent of the trial court, we have consistently opted for the latter. *See Ex parte Dickey*, 543 S.W.2d 99; *Johnson*, 556 S.W.2d 816; *Ex parte Tabor*, 565 S.W.2d 945. This decision has never been based on whether the defendant received some benefit in exchange for the waiver, but rather on whether, as the rule states, the waiver was voluntary, intelligent, and knowing, and thus valid. *See Id.; and also Blanco*, 18 S.W.3d 218.

*Id.* at 622. Notwithstanding that general language, the question before us is whether Sims' waiver is valid.

To be valid under the more recent and controlling authorities referenced above, Sims must know the consequences of her waiver or there must be some consideration provided by the State so

4

that a true bargain exists.

In this case, the defendant pled guilty with no plea agreement. After taking Sims' plea October 26, 2009, the trial court did not find her guilty, but continued the trial pending receipt of a PSI. At some point before the plea proceeding, Sims had signed a waiver of right of appeal, as acknowledged by the trial court. During the plea, the court informed Sims that she had given up the right to appeal any matter but the sentencing hearing. The record contains a written waiver of right of appeal, signed by Sims October 26, which contains this language:

> Having been informed of whatever right to appeal may exist, and having agreed to waive my right to appeal both guilt/innocence and punishment, and after having consulted with my attorney, I hereby voluntarily, knowingly and intelligently waive my right to appeal.

As previously noted, the final version of the certification of right of appeal signed by the trial court in this case states that Sims has waived her right of appeal except for punishment issues. The punishment phase was conducted in late February 2010, and Sims was sentenced in early March.

In this case, Sims signed a "waiver" before being sentenced—even before the trial court concluded the guilt portion of the proceeding—and after the court had explained the range of punishment for the offenses. The State made no punishment recommendation. *Cf. Delaney*, 207 S.W.3d at 799. But, "simply knowing the range of punishment for the offense is not enough to make the consequences of a waiver known with certainty." *Broadway*, 301 S.W.3d at 698. No plea agreement existed, and this record does not reflect that any other sort of agreement existed

5

either. *See id.* at 697.

There is nothing in this record to indicate that Sims' written waiver was bargained for, that any consideration was given by the State for the waiver, or that the punishment was known. Under these facts and the analysis endorsed by the Texas Court of Criminal Appeals, this waiver could not qualify as being "voluntarily, knowingly, and intelligently" made. The appeal is therefore fully before this Court, and we will not limit its scope as suggested by the trial court's addendum to the certification.

*(2)    Improper Admonishments by the Trial Court Did Not Make Sims' Plea Involuntary*

Sims contends that her plea of guilty was involuntary because the trial court did not adequately admonish her. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp. 2010). Article 26.13 contains a series of admonishments that are to be given to defendants who plead guilty. Substantial compliance with the statute is sufficient unless a defendant shows that he or she was not aware of the consequences of the plea and was also misled or harmed by the admonishment. TEX. CODE CRIM. PROC. ANN. art. 26.13(c). An admonishment error asserted under Article 26.13(a) is subject to a harm analysis, because it is statutory and not constitutional in nature. *Aguirre-Mata v. State*, 992 S.W.2d 495 (Tex. Crim. App. 1999); *see* TEX. R. APP. P. 44.2(b).

Sims contends that she was improperly admonished and that the improper admonishment, along with the totality of the surrounding circumstances, resulted in harm through the entry of an

6

involuntary plea.[4]  She acknowledges that the written admonishments did, as required by Article 26.13 of the Texas Code of Criminal Procedure, specify the offense alleged, the range of punishment for the crime, and also contained a blanket statement that Sims was competent and understood what went on before the plea.   The document also contains language stating that Sims pleads guilty and waives a jury trial, a statement that, if the court assesses punishment, a PSI will be conducted, and the previously discussed language concerning her loss of her right to appeal.

Sims was given an admonishment that incorporated the language set out by Article 26.13(a)(3) of the Texas Code of Criminal Procedure, but added the incorrect information set out above.   We consider inaccurate additions to an admonishment to be a part of that admonishment. Thus, in the absence of an express waiver, a complaint concerning the admonishment may be raised for the first time on appeal.

The question is whether the failure to properly admonish Sims was such as to affect her "substantial rights."   *See* TEX. R. APP. P. 44.2(b); *Bessey*, 239 S.W.3d at 812–13.   In applying Rule 44.2(b) to the failure to give an admonition, we should consider the record as a whole to determine whether, in this particular case, the error substantially affected the defendant's rights.

---

[4]The State contends that this argument has been waived.  We disagree.  Errors may be raised for the first time on appeal if the complaint is that the trial court disregarded an absolute or systemic requirement or that the appellant was denied a waivable-only right that was not waived.  *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004); *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993).  A defendant's right to be properly admonished is a waivable-only right, because a trial court has a statutory duty to properly admonish defendants as described by Article 26.13 of the Texas Code of Criminal Procedure.  *Bessey v. State*, 239 S.W.3d 809, 812–13 (Tex. Crim. App. 2007). "A law that puts a duty on the trial court to act sua sponte, creates a right that is waivable only.   It cannot be a law that is forfeited by a party's inaction."  *Mendez*, 138 S.W.3d at 342.  Thus, a court's failure to properly admonish a defendant cannot be forfeited by inaction and may be raised for the first time on appeal unless it is expressly waived.

*Anderson v. State*, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006). In *Anderson*, the court considered the strength of the evidence of guilt, whether the record indicates that the appellant was aware of the requirement, and whether the omitted admonition actually applied to the appellant's situation.

In this case, as a plea of guilty, evidence of guilt is stipulated and is not at issue. The record also does not suggest, however, that Sims or her counsel were aware that the information provided by the trial court was erroneous. Certainly, the error was directly applicable to Sims' situation.

But that does not justify reversal in this instance. Sims was informed incorrectly that she had no right, or a limited right, of appeal. We see nothing suggesting that this inaccurate warning, even though given both in writing and orally, would be such as to encourage her to plead guilty. Indeed, the expected result would be precisely the opposite.

Sims also argues that the conflicts among the invalid waivers, the incorrect written admonishments, and the erroneous oral comments by the trial court were such as to cause harm. Because any effect of such conflicts would be to discourage a guilty plea, not to encourage one, there was no harm here.

We overrule this point of error.

*(3)    The Claim that Sims' Plea Was Involuntary Due to Her Alleged Incompetence Was Not Preserved*

Sims has suffered from mental problems to such a degree that she has been institutionalized and was bench warranted from Rusk State Hospital to Angelina County for trial October 14, 2009, following receipt of a report October 9, 2009, from the hospital stating that she was now competent to stand trial. She asserts that there was no inquiry as to her condition or competency at any of the various hearings and that the failure in the admonishments would be such as to confuse a fully competent person, much less a person whose capabilities were questionable.

The State contends that this argument has not been preserved for review. We agree.

Before the trial court, Sims did not object to the plea proceeding or challenge the voluntariness of her plea. Without a timely objection, motion, or request that the trial court inquire into the voluntariness of her plea, Sims has forfeited her right to complain about the issue on appeal.[5] *See Mendez*, 138 S.W.3d at 339, 350; *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim.

---

[5]Even if this claim had been preserved, the record would not sustain it. A person is presumed to be competent to stand trial unless proven incompetent. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (Vernon 2006). A person is incompetent to stand trial if that person lacks "sufficient present ability to consult with [that] person's lawyer with a reasonable degree of rational understanding; or . . . [if that person lacks] a rational as well as factual understanding of the proceedings against [that] person." TEX. CODE CRIM. PROC. ANN. art. 46B.003(a)(2) (Vernon 2006). If evidence of the defendant's incompetence is brought to the court's attention from any source, the court must conduct a hearing out of the presence of the jury to determine whether there is evidence to support a finding of incompetency to stand trial. TEX. CODE CRIM. PROC. ANN. art. 46B.004(b) (Vernon 2006). In this case, the trial court had recent information that Sims was competent, the attorney was willing to agree that she was, and our review of the record does not affirmatively show Sims' lack of understanding of the proceedings. Admittedly, she exhibited some confusion at the end of the proceedings concerning the existence of a further bond, but that confusion is hardly unusual in such a

9

App. 1997). We overrule this point of error.

*(4)    The Record Does Not Demonstrate Ineffectiveness by Sims' Trial Counsel*

Sims also contends that she received ineffective assistance of counsel at trial, pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). This is based on trial counsel's failure to argue that Sims was incompetent to stand trial. With the exceptions discussed above, the record is effectively silent on this matter. Where an appellate record is silent as to why trial counsel failed to take certain actions, the appellant has failed to rebut the presumption that trial counsel's decision was in some way reasonable. *See Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007). In this case, there is no record at any level to indicate why counsel chose to take or declined to take any of these actions.

The ineffectiveness of counsel is a matter that must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Smith v. State*, 51 S.W.3d 806, 812 (Tex. App.—Texarkana 2001, no pet.). In the absence of such a record, and lacking anything that would indicate such completely ineffective assistance as could be shown without such a record, we overrule the point of error.

We affirm the judgment.

---

situation for a defendant and does not tend to show incompetence. Her head nods and somewhat unclear answers in response to questions about her understanding of the various documents she had signed may show some confusion, but likewise fail to show incompetence. This record does not show that Sims' substantial rights were compromised by errors committed by the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:     August 30, 2010
Date Decided:       October 15, 2010

Publish