In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00116-CR

                                                ______________________________

 

 

                                     KATHERINE COPLEN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 217th
Judicial District Court

                                                           Angelina County, Texas

                                                            Trial
Court No. 28,761

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            After
a putative waiver of the right to appeal, Katherine Coplen pled guilty to
credit card abuse in the 217th Judicial District Court in Angelina County,[1]
without the benefit of a plea agreement.[2]  Prior to Coplen’s open plea of guilty, the
trial court warned her that her “punishment could be as high as two years in
state jail,” a warning also present within written admonishments signed by her.
 Coplen was also warned that if she pled
guilty, she would be “giving up the right to appeal your case to a higher court
except for any error that occurs at sentencing.”  She entered a plea of guilty, after which the
following discussion ensued:

            [Counsel
for Coplen]:  Your Honor -- and I believe
we’ve talked about this -- even with all three cases, I think the parties agree
community supervision would be appropriate. 
We just need -- because there is a big restitution issue.  And if I’m -- hopefully, I’m not
misspeaking.  

 

            [The
State]:  No, sir.  We would hope for a sentence of probation so
that the money could be repaid to the victim.

 

            THE
COURT:  Okay.  So you’re saying you both agree on community
supervision.  That’s not an issue between
you?

 

            [The
State]:  No, the State would want to have
that.

 

            THE
COURT:  I’m sorry?

 

            [The
State]:  The State would want to have
probation so that restitution could be --

 

            THE
COURT:  Okay.  That’s fine. 
Then it will be community supervision, either deferred or
probation.  

 

The trial court recessed without
an adjudication of guilt and ordered a presentence investigation report.  At the next hearing, the State clarified in
response to questioning by the trial court that it was not agreeing to
community supervision; rather, it was merely the State’s position not to oppose
a request for community supervision.  At
the conclusion of testimony presented by both sides, the court found Coplen
guilty and sentenced her to two years’ confinement.  

            On
appeal, Coplen complains that her plea of guilty was involuntary.  She cites the discussion referenced above and
complains that the trial court violated due process guarantees by “participa[ting]
in the plea discussion process.”  Coplen
claims that she was entitled to specific performance of the court’s statement “[t]hen
it will be community supervision, either deferred or probation.”  In response, the State claims Coplen waived
the right to appeal.  We find that
although Coplen did not waive her right to appeal, she failed to preserve these
points of error for our review.  

I.          Coplen Did Not Waive Her
Right to Appeal

            We
first address our jurisdiction to review this appeal.  The trial court’s certification of right to
appeal contains a handwritten notation that Coplen has the right of appeal “as
to punishment only.”  Even if a defendant
waives the right to appeal, such a waiver is ineffective if it was entered
before being made aware what the punishment would be.  See Ex parte
Delaney, 207 S.W.3d 794, 797 (Tex. Crim. App. 2006); Blanco v. State, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000)
(waiver of appeal enforceable when executed after conviction, but before
sentencing, in exchange for recommended sentence).  A presentence waiver of right to appeal is
ineffective without some consideration.  Sims v. State, No. 06-10-00056-CR, 2010
WL 4232711, at *1–2 (Tex. App.—Texarkana Oct. 15, 2010, no pet. h.).  Thus, even if Coplen’s plea of guilty could
be seen as an attempted waiver of appeal, such a waiver would not be
effective.  Young v. State, 8 S.W.3d 656, 666–67 (Tex. Crim. App.
2000).  Thus, we address Coplen’s points
on appeal.

II.        Coplen Failed to
Preserve Her Complaints 

            “As a prerequisite
to presenting a complaint for appellate review, the record must show that:  (1) the complaint was made to the trial court
by a timely request, objection, or motion . . . .” Tex. R. App. P. 33.1(a)(1). 
We have previously held that challenges to the voluntariness of a plea of
guilty must be raised before the trial court to preserve the complaint for
review on appeal.  Sims, 2010 WL 4232711, at
*4 (citing Mendez v. State, 138
S.W.3d 334, 350 (Tex. Crim. App. 2004);
Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)).  Because Coplen failed to bring the issue of the
voluntariness of her guilty plea to the trial court’s attention, it was not
preserved, and we may not address the claim on its merits. 

            Coplen
also failed to raise below her points of error regarding the court’s alleged
participation in the plea discussion (though no plea agreement existed) and her
present argument that she was entitled to community supervision based on the
court’s initial belief that the State had agreed to community supervision.  Coplen’s counsel also affirmatively
represented there was “no legal reason” why the court’s sentence should not be
imposed.  Even assuming Coplen’s
arguments have merit, the Texas Court of Criminal Appeals has held that a trial
court’s intrusion into the plea process must be preserved through an objection
or request made below.  Moore v. State, 295 S.W.3d 329, 333
(Tex. Crim. App. 2009).  Because Coplen
failed to raise her remaining issues with the trial court, they are not
preserved for our review and are overruled.

            We
affirm the trial court’s judgment. 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          November
18, 2010

Date Decided:             November
19, 2010

 

Do Not Publish











[1]Originally appealed to the Twelfth Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005). 
We are unaware of any conflict between precedent of the Twelfth Court of
Appeals and that of this Court on any relevant issue.  See
Tex. R. App. P. 41.3.

 





[2]Coplen
also pled guilty and was convicted of possession of a controlled substance and
fraud, not the subject of this appeal.