

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00116-CR

_____

KATHERINE COPLEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 217th Judicial District Court
Angelina County, Texas
Trial Court No. 28,761

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

After a putative waiver of the right to appeal, Katherine Coplen pled guilty to credit card abuse in the 217th Judicial District Court in Angelina County,[1] without the benefit of a plea agreement.[2] Prior to Coplen's open plea of guilty, the trial court warned her that her "punishment could be as high as two years in state jail," a warning also present within written admonishments signed by her. Coplen was also warned that if she pled guilty, she would be "giving up the right to appeal your case to a higher court except for any error that occurs at sentencing." She entered a plea of guilty, after which the following discussion ensued:

> [Counsel for Coplen]: Your Honor -- and I believe we've talked about this -- even with all three cases, I think the parties agree community supervision would be appropriate. We just need -- because there is a big restitution issue. And if I'm -- hopefully, I'm not misspeaking.
>
> [The State]: No, sir. We would hope for a sentence of probation so that the money could be repaid to the victim.
>
> THE COURT: Okay. So you're saying you both agree on community supervision. That's not an issue between you?
>
> [The State]: No, the State would want to have that.
>
> THE COURT: I'm sorry?

---

[1] Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2] Coplen also pled guilty and was convicted of possession of a controlled substance and fraud, not the subject of this appeal.

[The State]: The State would want to have probation so that restitution could be --

THE COURT: Okay. That's fine. Then it will be community supervision, either deferred or probation.

The trial court recessed without an adjudication of guilt and ordered a presentence investigation report. At the next hearing, the State clarified in response to questioning by the trial court that it was not agreeing to community supervision; rather, it was merely the State's position not to oppose a request for community supervision. At the conclusion of testimony presented by both sides, the court found Coplen guilty and sentenced her to two years' confinement.

On appeal, Coplen complains that her plea of guilty was involuntary. She cites the discussion referenced above and complains that the trial court violated due process guarantees by "participa[ting] in the plea discussion process." Coplen claims that she was entitled to specific performance of the court's statement "[t]hen it will be community supervision, either deferred or probation." In response, the State claims Coplen waived the right to appeal. We find that although Coplen did not waive her right to appeal, she failed to preserve these points of error for our review.

## I.     Coplen Did Not Waive Her Right to Appeal

We first address our jurisdiction to review this appeal. The trial court's certification of right to appeal contains a handwritten notation that Coplen has the right of appeal "as to punishment only." Even if a defendant waives the right to appeal, such a waiver is ineffective if it

3

was entered before being made aware what the punishment would be. *See Ex parte Delaney*, 207 S.W.3d 794, 797 (Tex. Crim. App. 2006); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000) (waiver of appeal enforceable when executed after conviction, but before sentencing, in exchange for recommended sentence). A presentence waiver of right to appeal is ineffective without some consideration. *Sims v. State*, No. 06-10-00056-CR, 2010 WL 4232711, at *1–2 (Tex. App.—Texarkana Oct. 15, 2010, no pet. h.). Thus, even if Coplen's plea of guilty could be seen as an attempted waiver of appeal, such a waiver would not be effective. *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000). Thus, we address Coplen's points on appeal.

## II.    Coplen Failed to Preserve Her Complaints

"As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion . . . ." TEX. R. APP. P. 33.1(a)(1). We have previously held that challenges to the voluntariness of a plea of guilty must be raised before the trial court to preserve the complaint for review on appeal. *Sims*, 2010 WL 4232711, at *4 (citing *Mendez v. State*, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004); *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)). Because Coplen failed to bring the issue of the voluntariness of her guilty plea to the trial court's attention, it was not preserved, and we may not address the claim on its merits.

Coplen also failed to raise below her points of error regarding the court's alleged participation in the plea discussion (though no plea agreement existed) and her present argument

that she was entitled to community supervision based on the court's initial belief that the State had agreed to community supervision. Coplen's counsel also affirmatively represented there was "no legal reason" why the court's sentence should not be imposed. Even assuming Coplen's arguments have merit, the Texas Court of Criminal Appeals has held that a trial court's intrusion into the plea process must be preserved through an objection or request made below. *Moore v. State*, 295 S.W.3d 329, 333 (Tex. Crim. App. 2009). Because Coplen failed to raise her remaining issues with the trial court, they are not preserved for our review and are overruled.

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted: November 18, 2010
Date Decided: November 19, 2010

Do Not Publish