

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00179-CR

_____

SABRA MERRILL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Hunt County, Texas
Trial Court No. CR1100039

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Sabra Merrill pled guilty to the offense of driving while intoxicated. The trial court found Merrill guilty, sentenced her to 180 days' confinement in the Hunt County jail, ordered her to pay a $750.00 fine, and placed her on twelve months' community supervision. Merrill's community supervision was subsequently revoked when the trial court found that Merrill failed to perform required community service hours, failed to attend an ordered substance abuse evaluation and victim impact panel, and committed new offenses of public intoxication and resisting arrest, search, and transport. The trial court's finding was made pursuant to Merrill's signed judicial confession admitting to these violations of her community supervision conditions and her pleas of true in open court. Upon revocation of community supervision, Merrill was sentenced to 120 days in county jail. Merrill appeals[1] the trial court's judgment revoking community supervision by providing an excuse for committing the new offenses and failing to perform community service hours and by complaining that she had no money to complete her treatment class and victim impact panel. Because the finding that Merrill committed new offenses in violation of her conditions of community supervision is supported by her judicial confession, we affirm the trial court's judgment.

---

[1]The trial court certified Merrill's right to appeal using a handwritten notation that appeal could be made "on punishment" only. Merrill signed a waiver of her right to appeal prior to the trial court's pronouncement of sentence, and without a plea agreement or any indication of any consideration for the waiver. We have previously held that "[w]hen a defendant's waiver of the right to appeal was entered before he or she knew what the punishment would be, the waiver is ineffective." *Sims v. State*, 326 S.W.3d 707, 710 (Tex. App.—Texarkana 2010, pet. struck) (citing *Ex parte Delaney*, 207 S.W.3d 794, 797 (Tex. Crim. App. 2006); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000)). Accordingly, we have jurisdiction to address Merrill's appeal in its entirety. *Id.*

We will review the trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.). The trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence; in other words, if the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his community supervision. *Rickels*, 202 S.W.3d at 763–64; *T.R.S.*, 115 S.W.3d at 320–21.

Considering the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing sufficiency do not apply. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). Instead, we review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *T.R.S.*, 115 S.W.3d at 321; *Pierce*, 113 S.W.3d at 436 (citing *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981)). If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then no abuse of discretion is shown. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *T.R.S.*, 115 S.W.3d at 321 (citing *Stevens v. State*, 900 S.W.2d 348, 351 (Tex. App.—Texarkana 1995, pet. ref'd)).

Here, Merrill signed a "WAIVER OF RIGHTS, CONFESSION, AND AGREEMENT" stating that she "JUDICIALLY CONFESSES to committing the violations as alleged in the aforementioned Motion to Adjudicate, to-wit: 1. Defendant committed a new offense, to-wit: (i) Public Intoxication; (ii) Resisting Arrest; (iii) Disorderly Conduct." In her brief, Merrill does not challenge the validity of this judicial confession. Rather, she complains that she told the court that she is "severely bipolar, a mental health condition for which she is prescribed medications," and "that when she is off her meds or does not take them as she should that she becomes angry and agitated which is what led to the [new] offenses."

Despite Merrill's argument, we find the judicial confession and plea of true sufficient to support at least one ground for revocation—commission of the new offenses. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Jimenez v. State*, 552 S.W.2d 469, 474 (Tex. Crim. App. 1977). Therefore, the trial court did not abuse its discretion in revoking Merrill's community supervision.

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted: February 29, 2012
Date Decided: March 1, 2012

Do Not Publish

4