

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00400-CR

**JOSE SEGOVIA,**

                                                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                              **Appellee**

**From the 413th District Court
Johnson County, Texas
Trial Court No. F45284**

## MEMORANDUM  OPINION

Appellant Jose Segovia made an open guilty plea to the first-degree felony offense of possession of a controlled substance (cocaine, greater than 4 and less than 200 grams) with intent to deliver and elected to have a jury assess punishment. The jury sentenced Segovia to thirty-six years in prison and assessed a $10,000 fine. Asserting two issues, Segovia appeals.

In connection with his guilty plea, Segovia waived his right to appeal only as to guilt. The trial court's certification states that "the defendant has NO right of appeal as

to guilt. Defendant retains right of appeal on punishment phase of trial." It also states that "the defendant has waived the right of appeal on guilt only." But because this waiver was entered into before Segovia knew what his punishment would be and because the State gave no consideration for the waiver, it is ineffective and the scope of Segovia's appeal is not limited by the waiver or the trial court's certification. *Washington v. State*, 363 S.W.3d 589, 589-90 (Tex. Crim. App. 2012); *Sims v. State*, 326 S.W.3d 707, 710-11 (Tex. App.—Texarkana 2010, no pet.); *see also Nichols v. State*, 349 S.W.3d 612, 614-15 (Tex. App.—Texarkana 2011, pet. ref'd).

In his first issue, Segovia asserts that his guilty plea was involuntary because the State did not disclose the existence and extent of the confidential informant used to procure Segovia's arrest and the disclosure would have allowed Segovia to plead not guilty and to proceed at trial with a valid entrapment defense. His second issue asserts that the State's failure to disclose the informant's involvement was a *Brady* violation that deprived Segovia of a valid entrapment defense and of mitigating information on punishment.

We first address whether Segovia's issues are preserved for appellate review. Segovia filed a motion for new trial, but the only ground asserted was that the evidence is insufficient to support the conviction. The alleged involuntariness of a guilty plea must first be raised in the trial court by a timely objection or complaint or in a motion for new trial. *See Sims,* 326 S.W.3d at 713 (citing *Mendez v. State,* 138 S.W.3d 334, 338-39, 350 (Tex. Crim. App. 2004)); *Starks v. State,* 266 S.W.3d 605, 613 (Tex. App.—El Paso 2008, no pet.); *see also Golden v. State,* No. 05-11-00093-CR, 2012 WL 1109635, at *4 (Tex.

App.—Dallas Apr. 4, 2012, pet. struck) (mem. op., not designated for publication); *cf. Williams v. State,* 10 S.W.3d 788, 789 (Tex. App.—Waco 2000, pet. ref'd). Accordingly, Segovia's first issue is not preserved for appellate review and is thus overruled.

Likewise, a *Brady* violation must first be raised in the trial court to be preserved for appellate review. *See Pena v. State,* 353 S.W.3d 797, 807-09 (Tex. Crim. App. 2011); *Jones v. State,* 234 S.W.3d 151, 158 (Tex. App.—San Antonio 2007, no pet.); *see also Keeter v. State,* 175 S.W.3d 756, 759-61 (Tex. Crim. App. 2005); *Rodriguez v. State,* No. 04-12-00528-CR, 2013 WL 5656194, at *6 (Tex. App.—San Antonio Oct. 16, 2013, no pet. h.) (mem. op., not designated for publication); *Garcia v. State,* No. 01-12-00528-CR, 2013 WL 1932175, at *7 (Tex. App.—Houston [1st Dist.] May 9, 2013, pet. ref'd) (mem. op., not designated for publication). Because the alleged *Brady* violation was not raised in the trial court, Segovia's second issue is not preserved for appellate review and is thus overruled.

We affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed December 5, 2013
Do not publish
[CRPM]