COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Lamar Marcell Hunter v. The State of Texas

Appellate case number:    01-14-00895-CR

Trial court case number:  12-CR-1921

Trial court:              10th District Court of Galveston County

Appellant, Lamar Marcell Hunter, has filed an agreed motion to abate the appeal to correct the certification of his right to appeal. Appellant pleaded guilty, without an agreed recommendation as to punishment, to the felony offense of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2014). The trial court conducted a punishment hearing, found appellant guilty of aggravated sexual assault, and assessed punishment at confinement for twenty years. The trial court executed a certification of appellant's right to appeal, indicating that this is not a plea-bargain case and appellant has the right to appeal "punishment only." By his motion, appellant contends that the record does not reflect any bargain with the State in exchange for his guilty plea and, thus, his appeal is not limited to "punishment only." Appellant's motion states that the State agrees that there was no bargain in exchange for the guilty plea and includes a certificate of conference stating that the State agrees to the motion.[1]

The certification of right to appeal states that the case is not a plea bargain case but also states that appellant has a right to appeal "punishment only." *See* TEX. R. APP. P. 25.2(a)(2) (setting out limitations only on plea-bargained case); *see also* TEX. CODE CRIM. PROC. art. 44.02 (West 2006). The Texas Rules of Appellate Procedure provide that an amended trial court's certification of the right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. Further, when we have a record, we are

---

[1]     The Written Plea Admonishments-Waivers-Stipulations that appellant executed state that he waives "the 30 days provided in which to file a Motion for New Trial, Motion for Arrest of Judgment and Notice of Appeal." However, the record reflects that appellant executed the Written Plea Admonishments-Waivers-Stipulations before sentencing and does not indicate that a waiver was executed in exchange for some consideration from the State. *See Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009); *Sims v. State*, 326 S.W.3d 707, 711 (Tex. App.—Texarkana 2010, no pet.).

obligated to review it to ascertain whether the certification is defective and, if it is defective, we must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1.

Accordingly, we grant the appellant's motion, abate this appeal, and remand the case to the trial court to prepare and file a certification of appellant's right to appeal that complies with Rule 25.2. Generally, the rules require that a defendant sign the trial court's certification of his right of appeal. *See* TEX. R. APP. P. 25.2(d) (requiring that certification "be signed by the defendant"). The rules authorize us, however, for good cause, to "suspend a rule's operation in a particular case and order a different procedure." *See* TEX. R. APP. P. 2. Because appellant has a right of appeal, is represented by an attorney, and has previously signed a certification, indicating that he has received the notification required by Rule 25.2(d), we find good cause in this case to suspend the requirement of Rule 25.2(d) that appellant sign the amended certification of the right of appeal. *See* TEX. R. APP. P. 2, 25.2(d).

Accordingly, we **order** the trial court, without the necessity of a hearing, to execute an amended "Trial Court's Certification of Defendant's Right of Appeal." This certification need not be signed by appellant.

We **order** appellant's attorney, Joseph Kyle Verret, to deliver a copy of the certification to appellant, via facsimile, mail, or any other method reasonably calculated to provide appellant with a copy. *See* TEX. R. APP. P. 25.2(d) (requiring copy of certification be given to defendant).

We further **order** the trial court clerk to file a supplemental clerk's record containing the amended certification of appellant's right of appeal **no later than 14 days from the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a record that complies with this order is filed with the Clerk of this Court.

It is so ORDERED.


Judge's signature: /s/ <u>Terry Jennings</u>
                          ☒ Acting individually    ☐ Acting for the Court


Date: March 24, 2015