

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00324-CR

**JOSE OCTAVIO DIAZ,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 14-00936-CRF-361**

## MEMORANDUM OPINION

In one issue, appellant, Jose Octavio Diaz, challenges his convictions for one count of evading arrest with a motor vehicle and three counts of child endangerment. *See* TEX. PENAL CODE ANN. § 22.041(c) (West 2011); *see also id.* § 38.04(b)(2)(A) (West Supp. 2015). Specifically, appellant argues that the trial court erred in failing to sua sponte withdraw his guilty pleas and enter pleas of "not guilty" when he presented evidence of his innocence during the punishment phase of trial. We affirm.

# I. BACKGROUND

In the instant case, appellant was charged by indictment with one count of evading arrest with a motor vehicle and three counts of child endangerment pertaining to a high-speed chase that occurred on December 13, 2013. *See id.* §§ 22.041(c), 38.04(b)(2)(A). This case eventually proceeded to trial.

After several witnesses testified, appellant entered a plea of guilty to each of the four charged offenses. Appellant admitted that he knew he was waiving his right to a jury trial as to the guilt-innocence phase and that he was entering his pleas freely and voluntarily. In addition, appellant made judicial confessions to the offenses and pleaded "true" to the deadly-weapon enhancement corresponding with the evading-arrest-with-a-motor–vehicle count.

The trial court subsequently brought the jury back into the courtroom, went through a colloquy with appellant regarding his guilty pleas, and provided the jury with the following instructions:

> Ladies and gentlemen, that means basically we're now finished with the first phase of the trial and we're going to go into the second phase of the trial, the punishment phase. You will be instructed when you get your instructions on deliberations for the punishment phase of the trial to find the defendant guilty of all four counts and find the allegation as it relates to the deadly weapon in Count One to be true.

Thereafter, the punishment phase of trial began.

During the punishment phase, several witnesses, including appellant, testified. On appeal, appellant characterizes his testimony during the punishment phase as demonstrating his innocence as to each count. In any event, the trial court later read the jury charge, which included the following instructions:

> Members of the jury, the defendant, Jose Diaz, has been charged with the offenses of evading arrest with a vehicle, a third-degree felony, as well as three counts of endangering a child, each a State jail felony . . . .
>
> The defendant has pled to these charges and true to the allegation of the use of a deadly weapon as alleged in Count One.
>
> He has persisted in entering his pleas of guilty and true as charged, notwithstanding that the Court, as required by law, has admonished him of the consequences. It plainly appearing to the Court that the defendant is mentally competent, and that he makes these pleas freely and voluntarily, his pleas have been received by the Court.
>
> You are instructed to find the defendant guilty as charged in the indictment and determine his punishment in accordance with the following instructions.

The trial court then read the remainder of the charge that defined the punishment ranges for each offense, among other things.

At the conclusion of the punishment phase, the jury accepted appellant's guilty pleas, found the deadly-weapon allegation to be true, and assessed punishment at nine years' incarceration in the Institutional Division of the Texas Department of Criminal Justice for the evading-arrest-with-a-vehicle count and two years' incarceration for each endangering-a-child count. The imposed sentences were ordered to run concurrently.

Later, the trial court certified appellant's right of appeal, specifically noting: "this criminal case . . . is not a plea-bargain case as to punishment, and the defendant has the right of appeal on punishment only." The references to punishment in the certification were handwritten by the trial judge. This appeal followed.

## II.    JURISDICTION

At the outset, we note that appellant does not challenge the punishment assessments on appeal; instead, he focuses on what appear to be guilt-innocence issues, despite the language of the trial court's certification limiting his appeal "on punishment only." Texas Rule of Appellate Procedure 25.2(a)(2) provides:

> A defendant in a criminal case has the right of appeal under Code of Criminal Procedure 44.02 and these rules. The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> > (A) those matters that were raised by written motion filed and ruled on before trial, or
> >
> > (B) after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2) (emphasis added). The limitation of a defendant's right to an appeal as stated in Rule 25.2(a)(2) expressly applies to a "plea bargain case[.]" *See id.*; *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005); *see also Solis-Caseres v. State*, No. 09-13-00580-CR, 2015 Tex. App. LEXIS 2046, at *20 (Tex. App.—Beaumont Mar. 4, 2015,

no pet.) (mem. op., not designated for publication). Here, the record clearly demonstrates that appellant did not plead guilty to the charged offenses pursuant to a plea-bargain agreement or in exchange for the State recommending a sentence. Accordingly, nothing in Rule 25.2(a)(2) limits appellant's right of appeal. *See* TEX. R. APP. P. 25.2(a)(2); *see also Solis-Caseres*, 2015 Tex. App. LEXIS 2046, at *20; *but see Cash v. State*, Nos. 14-12-00718-CR, 14-12-00719-CR, 14-12-00728-CR, 2013 Tex. App. LEXIS 9393, at **5-6 (Tex. App.—Houston [14th Dist.] July 30, 2013, pet. ref'd) (mem. op. on reh'g, not designated for publication) ("Presuming, without deciding, that the trial court gave appellant permission to appeal as to assessment of punishment, the trial court did not give appellant permission to appeal as to non-punishment issues. Appellant has not challenged the trial court's assessment of punishment. In these two appeals, appellant challenges only the sufficiency of the evidence supporting the trial court's determination of guilt. Appellant has validly waived his right to appeal the trial court's determination of guilt in these two cases. Accordingly, we dismiss for want of jurisdiction . . . ."). Therefore, we will address the merits of appellant's appellate issue.

### III. APPELLANT'S GUILTY PLEAS

In his sole issue on appeal, appellant contends that the trial court erred in failing to sua sponte withdraw his guilty pleas and enter pleas of "not guilty" when he presented evidence of innocence, through his own testimony, during the punishment phase of trial.

A trial court has no duty to sua sponte withdraw a defendant's guilty plea absent a timely request to do so, even if evidence is presented that reasonably and fairly raises an issue as to his guilt. *See Mendez v. State*, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004). Specifically, in *Mendez*, the Court of Criminal Appeals noted:

> We think that the rule was better stated in *Taylor* when we spoke in terms of the familiar rule that a defendant has the right to withdraw a plea of guilty (or nolo contendere) in a timely fashion, whether the trial be with or without a jury. The procedures involved are different. As we have said, a defendant's decision to plead guilty entails the waiver of some important, constitutional rights. These are "waivable-only" rights, in *Marin*'s taxonomy. It is fitting that trial courts have a duty to implement those rights, which shield each defendant at the outset of every criminal proceeding. But after a court has fulfilled those duties and a defendant has made a valid waiver of those rights, it is appropriate that the defendant be required to take some affirmative action to don the armor again. The number of cases in which defendants want to "unwaive" their right to plead not guilty is small, the appearance of evidence that is inconsistent with guilt is unpredictable, the significance of such evidence should be more apparent to the defense than to the trial court, and cases are common in which there is some evidence in the defendant's favor but the defendant . . . had validly chosen to plead guilty after weighing the advantage of such a plea against the chance of acquittal.
>
>         . . . .
>
> It is reasonable to put on such a defendant the requirement of timely seeking, in one way or another, to withdraw the plea of guilty. The appellant not having done so, he may not complain for the first time on appeal that the trial court did not do it for him.

*Id.*; *see Sims v. State*, 326 S.W.3d 707, 713 (Tex. App.—Texarkana 2010, pet. dism'd); *see also Kinley v. State*, No. 07-11-00135-CR, 2012 Tex. App. LEXIS 8402, at **4-5 (Tex. App.—Amarillo Oct. 4, 2012, no pet.) (mem. op., not designated for publication) (citing *Perez v.*

*State*, 07-10-0390-CR, 2012 Tex. App. LEXIS 3218, at **3-4 (Tex. App.—Amarillo Apr. 24, 2012, no pet.) (mem. op., not designated for publication)); *Sanchez v. State*, Nos. 05-10-00292-CR, 05-10-00293-CR, 2011 Tex. App. LEXIS 4357, at *9 (Tex. App.—Dallas June 9, 2011, no pet.) (mem. op., not designated for publication) ("But while a defendant has a right to timely request to change his plea of guilty to not guilty, the trial court has no duty to conduct some special proceeding or to sua sponte withdraw a guilty plea when evidence inconsistent with guilt is introduced.").

Here, appellant did not timely request that the trial court withdraw his guilty plea. In fact, he first raises this contention on appeal. As such, we conclude that appellant has forfeited his right to complain on appeal that the trial court should have sua sponte withdrawn his guilty plea. *See Mendez*, 138 S.W.3d at 350; *Williams v. State*, 10 S.W.3d 788, 789 (Tex. App.—Waco 2000, pet. ref'd) (concluding that appellant failed to preserve a complaint that the trial court did not sua sponte withdraw his guilty plea because appellant failed to properly preserve the issue "by objection, request, or in a timely presented motion for new trial"); *Sims*, 326 S.W.3d at 713; *see also Kinley*, 2012 Tex. App. LEXIS 8402, at **4-5; *Sanchez*, 2011 Tex. App. LEXIS 4357, at *9.

Despite the foregoing, appellant also contends that he "was not provided the means to move to withdraw his plea by motion for new trial." Specifically, he argues that he was denied the right to counsel during a critical phase of the proceeding—the thirty-day window for filing a motion for new trial.

The Clerk's Record reveals that the trial court signed its judgment on the evading-arrest-with-a-vehicle count on September 22, 2015. The trial court signed its judgments on the child-endangerment counts on October 15, 2015. Appellant's trial counsel filed a notice of appeal and motion to withdraw on September 25, 2015. The trial court granted trial counsel's motion to withdraw and appointed appellate counsel on October 23, 2015. In other words, the record reflects that appellant was represented by counsel at all critical stages of the proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j) (West Supp. 2015) (providing that an appointed attorney must represent the defendant until the "charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record"); *see Johnson v. State*, 352 S.W.3d 224, 228-29 (Tex. App.—14th Dist.] 2011, pet. ref'd); *see also In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008) (noting that until a motion to withdraw is granted, counsel still represents his or her client). We therefore reject appellant's contention that he "was not provided the means to move to withdraw his plea by motion for new trial." And based on the foregoing, we overrule appellant's sole issue on appeal.

## IV.    CONCLUSION

We affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed August 24, 2016
Do not publish
[CR25]

