

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00832-CR

Anna Marie **MARROQUIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR10759
Honorable Michael E. Mery, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
              Irene Rios, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: February 11, 2026

AFFIRMED

In three issues, Anna Marie Marroquin argues the trial court erred in revoking her community supervision. We affirm.

## I. BACKGROUND

In 2020, Marroquin pled no contest to injury to a disabled person causing bodily injury[1] and to possession of a controlled substance,[2] both third-degree felonies. Her two-year sentence was probated over three years of community supervision, with the sentences in both cases to run concurrently.

In August 2023, the State filed a motion to revoke[3] Marroquin's community supervision. The State alleged that Marroquin violated conditions of supervision in both cases, including, among other things, that she failed to report to her supervision officer. At the revocation hearing, Marroquin pled "true" in both cases to failing to report to her supervision officer. The parties told the court that there was an agreement for Marroquin to serve two years concurrently. The trial court revoked Marroquin's community supervision and sentenced her to two years' confinement with the cases to run concurrently. Marroquin did not raise any objections.

## II. STANDARD OF REVIEW

We review a trial court's decision to revoke community supervision for abuse of discretion. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). A trial court abuses its discretion in revoking community supervision when the State fails to meet its burden of proof regarding a violation of community supervision. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984). A "plea of true, standing alone is sufficient to support the revocation of probation." *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).

---

[1] Case Number 2019-CR-11238.
[2] Case Number 2019-CR-10759. Marroquin filed a Notice of Appeal in this case only. Accordingly, we only address the possession case.
[3] The State filed a prior motion to revoke.

### III. Discussion

Marroquin argues that her true plea was not knowing, voluntary, or intelligent because the parties and court misunderstood the law regarding her binding plea bargain. She further alleges, without providing any law, that this argument is removed from the requirement of a timely objection because "the trial [c]ourt's reliance on facts not in evidence, and an incorrect understanding of the law of the Court and both attorneys." The record is clear: Marroquin pled true to violating a condition of her community supervision. She never asked to withdraw her plea of true, moved for a new trial, or took any action to inform the trial court that her plea was not voluntary. The law requires challenges to the voluntariness of a plea be raised before the trial court in order to preserve the complaint for appellate review. *Sims v. State*, 326 S.W.3d 707, 713 (Tex. App.—Texarkana 2010, pet. struck) (citing *Mendez v. State*, 138 S.W.3d 334, 339, 350 (Tex. Crim. App. 2004)). Marroquin directs us to no timely objection and ruling, and our review of the record reveals none. Thus, she did not preserve this issue for our review. We overrule this issue.

In her second and third issues, Marroquin argues her Due Process and Confrontation Clause rights were violated "because the revocation was based upon unsubstantiated hearsay from the prosecutor" and the trial court "assumed facts not in evidence[.]" The State responds by arguing that these issues are unpreserved because Marroquin did not object to any of these grounds before the trial court. Here, the trial court revoked Marroquin's community supervision based on her plea of true, not on allegedly unsubstantiated hearsay. "[W]hen a plea of true is made, the sufficiency of the evidence may not be challenged." *Johnson v. State*, No. 04-24-00374-CR, 2025 WL 1129039, at *3 (Tex. App.—San Antonio Apr. 16, 2025, no pet.) (mem. op.) (citation omitted). Thus, Marroquin cannot challenge the sufficiency of the evidence. We overrule these issues.

## IV. Conclusion

We affirm the trial court's revocation of Marroquin's community supervision.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH