**Earnest LOVE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–01–00093–CR.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 7, 2002.

Decided Jan. 25, 2002.

Rehearing Overruled Feb. 20, 2002.

Rodney Bert Dowd, Marshall, for appellant.

Al Davis, Asst. Dist. Atty., Marshall, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Earnest Love appeals the judgment of the trial court. A jury found Love guilty of aggravated assault, TEX. PEN.CODE ANN. § 22.02 (Vernon 1994),[1] and assessed his punishment at thirteen years' confinement in the Texas Department of Criminal Justice Institutional Division. The trial court made an affirmative finding regarding the use of a deadly weapon.

On appeal, Love raises one issue: that the trial court reversibly erred at the punishment phase by refusing his request to make an opening statement to the jury, thereby denying him a fair and impartial trial.

The legal and factual sufficiency of the evidence is not challenged. The events in question occurred on October 15, 2000, at the Winn–Dixie Supermarket on U.S. Highway 59 in Marshall, Harrison County, Texas. Love had formerly been an employee at the store, but had been terminated. On the 15th, Love returned to the store, entered the men's restroom, and sat in one of the stalls with his pants on. At 9:00 and 9:30 p.m., employees noticed someone in the men's restroom stall. One of the employees recognized Love as a former employee. Finally, around 10:00 p.m., the assistant manager, Crea Davis, was called to investigate. She and other

---

1. The indictment in this case charged Love with aggravated robbery. The theory of the defense was that there was no evidence of robbery and that Love was guilty only of aggravated assault. *See* TEX. PEN.CODE ANN. § 22.02 (Vernon 1994). In addition to aggravated robbery, the jury was instructed on aggravated assault. It returned its guilty verdict on the offense of aggravated assault.

employees entered the men's restroom and called out to the man in the stall. Love then came out of the stall with a mask on and pointing a gun. Davis and the employees who entered the men's restroom with her were herded at gunpoint into a closet. As Love went back into the main part of the store, he encountered another employee, whom he locked in another closet. This employee had a cellular telephone and called 9–1–1. Love then left the store through a back entrance, just ahead of the arriving police. He was apprehended the next day, and he gave a voluntary statement to the police. Love testified at trial on his own behalf acknowledging the use of the gun in a threatening manner, but denying he had any intention of robbing the store. He testified that he was angry over having been fired and that he wished to scare the people who had fired him. There was no evidence Love took anything from the store on the night of the incident. In fact, one of the defense witnesses was a Winn Dixie employee, Sue Hanks, a cashier, who testified that Love did not come into her area of the store that night and that she was unaware of any untoward activity.

■ As to the issue raised on appeal, the right to make an opening statement is a statutory one, not a constitutional imperative or mandate. *Moore v. State*, 868 S.W.2d 787, 788–89 (Tex.Crim.App.1993). Love acknowledges that Chapters 36 and 37 of the Code of Criminal Procedure govern trial proceedings generally, including the giving of opening statements.[2] TEX.CODE CRIM. PROC. ANN. art. 36.01(a)(3) (Vernon Supp.2002), applicable to the guilt/innocence phase of the trial, provides

that the State's attorney shall state to the jury the nature of the accusation and the facts which are expected to be proved by the State in support thereof. Article 36.01(a)(5) prescribes an opening statement by the defense, which Article 36.01(b) provides *may* be made immediately after the opening statement by the State. TEX.CODE CRIM. PROC. ANN. art. 36.01(a)(5), (b) (Vernon Supp.2002). The failure to permit a defendant to make an opening statement in the guilt/innocence phase of the trial *may* constitute reversible error. *See Espinosa v. State*, 29 S.W.3d 257, 259 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd).[3]

■ However, Chapter 37 of the Code, pertaining to the punishment phase of a criminal trial, does not provide for opening statements. In *Penry v. State*, 903 S.W.2d 715 (Tex.Crim.App.1995), the Court of Criminal Appeals held that the opening statement requirements of Chapter 36 are inapplicable to punishment proceedings. *Id.* at 760.

Love has cited *Dugan v. State*, 82 Tex. Crim. 422, 199 S.W. 616 (1917), in support of his position. While that case does recognize that a defendant has the privilege to make an opening statement and gives recognition to the importance of such a statement, it is referring in the opinion to the guilt/innocence determination, not to punishment. *Id.* at 616–17. We note that in the present case, Love's counsel was permitted to and did present a closing statement after presentation of the punishment evidence in which his argument for a lighter sentence, including community supervision, is made. This argument, as well

---

**2.** *See* TEX.CODE CRIM. PROC. ANN. arts. 36.01, 37.01, et seq. (Vernon 1981 & Supp.2002).

**3.** *Espinosa* recognized that even failure to allow a defendant to make an opening statement in the guilt/innocence phase of the trial

pursuant to TEX.CODE CRIM. PROC. ANN. art. 36.01 (Vernon Supp.2002) is subject to harmless error analysis. *Espinosa v. State*, 29 S.W.3d 257, 259–60 (Tex.App.-Houston [14th Dist.] 2000. pet. ref'd).

as defense counsel's opening statement at the guilt/innocence stage,[4] were acknowledged in the State's brief to have been performed "fully and well." We agree with the State's assessment.

We hold, therefore, that as the right of an accused to present an opening statement is derived solely from statute, and that the applicable statute, Tex.Code Crim. Proc. Ann. art. 37.07 (Vernon Supp.2002), makes no provision for opening statements at the punishment phase of the trial, the trial court did not err in refusing Love's counsel's request to make an opening statement before the presentation of his punishment evidence.

Finding no reversible error, the judgment of the trial court is affirmed.

4. Counsel's opening statement acknowledged Love's responsibility for criminal activity, arguing that there was no evidence of Love's robbery and that the charge should have been aggravated assault and not aggravated robbery. The jury was in agreement.