

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00074-CR

_____

SYLVESTER NICHOLS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 217th Judicial District Court
Angelina County, Texas
Trial Court No. 29,954

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

After Sylvester Nichols was charged in Angelina County[1] with aggravated assault,[2] enhanced by a prior felony conviction,[3] the following chronology of events occurred: (1) Nichols signed a waiver of his right to appeal any issue other than the issue of punishment; (2) Nichols entered an open plea of guilty without a negotiated sentence recommendation, allowing the trial court to set punishment; (3) Nichols entered a plea of "true" to the enhancement allegation; (4) the trial court sentenced Nichols to fifty years' imprisonment; and (5) Nichols filed a notice of appeal. The trial court's certification of the right to appeal alleges that Nichols only has the right to appeal punishment issues.[4]

Nichols' appeal challenges whether the waiver he signed is effective to deny him the right of appeal of the issues he raises and alleges that his plea to the trial court should be deemed involuntary because the trial court failed to provide proper admonishments. Ancillary to the claim that he was not given proper admonishments, he claims that he did not understand the consequences of his plea of guilty.

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]TEX. PENAL CODE ANN. § 22.02 (West 2011).

[3]TEX. PENAL CODE ANN. § 12.42(b) (West 2011).

[4]The trial court's certification of Nichols' right to appeal provides as follows with the handwritten addition: "[X] the defendant has waived the right of appeal. [*E*]*xcept as to sentencing* [*trial court's initials*]." (Italicized language handwritten in original.)

2

**(1)     Nichols' Waiver of His Right to Appeal Is Unenforceable**

Before we consider the merits of Nichols' appeal, we must first decide whether Nichols effectively waived his right to appeal the issue he has raised, it being a claim that does not deal with the issue of punishment.   The State argues that this Court lacks jurisdiction because Nichols signed a limited waiver of appeal, maintaining that this Court erred in its ruling in *Sims v. State*, 326 S.W.3d 707 (Tex. App.—Texarkana 2010, pet. struck).   The State goes on to claim that such a waiver of appeal is enforceable without consideration, but claiming in the alternative that the State did, indeed, provide consideration in exchange for Nichols' waiver of appeal.

The record contains an omnibus boilerplate form which provides "check the box" admonishments as well as multiple waivers, including a waiver of the right to a jury trial.[5]   In

---

[5]The document apparently attempts to apply in every possible variation of sentencing, and provides admonishments to the defendant.   The form contains the following admonishment:

> PERMISSION TO APPEAL:  . . . Where you plead guilty or nolo contendere (no contest) . . . without a plea bargain agreement, all nonjurisdictional defects, including claimed deprivations of federal due process, are waived and no appeal may be made.

This document was signed by Nichols, Nichols' trial counsel, and the prosecutor.   The above statement is not one of the required admonishments set out by Article 26.13 of the Texas Code of Criminal Procedure.   *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2010).   As this Court has informed this trial court on prior occasions, this admonishment is not accurate and could mislead a defendant who pleads guilty without a plea agreement regarding the rights he possesses.   *See Coplen v. State*, No. 06-10-00116-CR, 2010 Tex. App. LEXIS 9354 (Tex. App.—Texarkana Nov. 19, 2010, pet. ref'd) (mem. op., not designated for publication); *Luna v. State*, No. 06-10-00117-CR, 2010 Tex. App. LEXIS 9077 (Tex. App.—Texarkana   Nov. 16, 2010, no pet.) (mem. op., not designated for pubication); *Sims*, 326 S.W.3d at 710; *see also Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000) ("Whether entered with or without an agreed recommendation of punishment by the State, a valid plea of guilty or nolo contendere 'waives' or forfeits the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error.").   During the plea hearing, the trial court orally admonished the defendant that his right to appeal may be limited.   The trial court stated that "[m]y opinion is that it's limited to the punishment phase, but there are two courts of appeals that disagree."

3

addition to the omnibus boilerplate form, the record contains an additional document entitled "WAIVER OF RIGHT TO APPEAL" which provides as follows:

> Having been informed of whatever right to appeal may exist, and having agreed to waive my right to appeal ~~both~~ guilt/innocence *only* ~~and punishment~~, and after having consulted with my attorney, I hereby voluntarily, knowingly and intelligently waive my right to appeal.

(strikeouts and italicized superscript modifications are handwritten in original).[6] This document is signed only by Nichols and contains a written acceptance signed by the trial court. Both of these waivers were signed prior to Nichols having entered a plea of guilty.

In *Sims*,[7] this Court held a waiver of the right to appeal which is entered before sentence is pronounced must be either pursuant to a plea bargain or a similar bargain for which the State provided consideration. *Sims*, 326 S.W.3d at 710. As we noted in *Sims*, the Texas Court of Criminal Appeals has held that when a defendant's waiver of the right to appeal was entered before he became aware of the punishment to be assessed, the waiver is ineffective. *See Ex parte Delaney*, 207 S.W.3d 794, 797 (Tex. Crim. App. 2006); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000) (waiver of appeal enforceable when executed after conviction, but before sentencing, in exchange for recommended sentence). While post-sentencing waivers of the right to appeal are valid, the Texas Court of Criminal Appeals has held presentencing waivers are

---

[6]The written waiver in *Sims* did not include the handwritten modifications.

[7]The State acknowledges our opinion in *Sims*, but argues *Sims* was incorrectly decided. The State has not convinced us that we erred in any of our holdings in *Sims*.

enforceable only if they are part of a plea bargain or when the State has given some consideration for the waiver. *Ex parte Broadway*, 301 S.W.3d 694 (Tex. Crim. App. 2009).

The State's alternative argument is that the State actually provided consideration by agreeing to the waiver of a jury trial, a right upon which it could have insisted. The State argues, similar to the argument in *Broadway*, that it agreed to the waiver of the jury trial in exchange for the waiver of appeal. *Id.* at 698. We note, in *Broadway*, the Texas Court of Criminal Appeals held that under the facts of that case, the State's waiver of a jury trial was sufficient consideration for the pretrial waiver of the right to appeal. *Id.* at 697–68.

This case, though, is distinguishable from *Broadway*. In *Broadway*, the Texas Court of Criminal Appeals emphasized that a bargain must exist. *Id.* In that case, the "[t]he trial court found that the State did not want to consent to Applicant's waiver of a jury trial" and the State's waiver was the result of a bargain reached between the State and the defendant. *Id.* at 698. In contrast, the record in this case does not support the existence of any bargain between Nichols and the State. To the contrary, we note that the omnibus plea document specifically includes the handwritten notation: "*No plea bargain between the state [and] the defendant.*" The record contains no evidence the State did not want to consent to the jury waiver or that the defendant and State negotiated the State's agreement to waive the jury trial. As demonstrated by *Broadway*, the consideration given by the State must be part of a bargain and the record here contains no evidence a bargain existed in this case.

Absent evidence of such a bargain between the State and Nichols and noting that the punishment to be meted was not known by Nichols at the time he signed the waiver, under the analysis endorsed by the Texas Court of Criminal Appeals, this waiver could not qualify as being "voluntarily, knowingly, and intelligently" made. The waiver is not enforceable. Nichols' appeal is fully before this Court, and we will not limit its scope as suggested by the trial court's addendum to the certification.

**(2)     The Trial Court Substantially Complied With Texas Code of Criminal Procedure Article 26.13**

In his second issue, Nichols argues that his plea of guilty was involuntary alleging that the trial court failed to adequately admonish him in substantial compliance with TEX. CODE CRIM. PROC. ANN. art. 26.13. Nichols maintains that the trial court should have admonished him concerning the unenhanced range of punishment, but failed to do so. Texas law requires that the trial court admonish the defendant as to the range of punishment upon an entry of a plea of guilty or nolo contendere. TEX. CODE CRIM. PROC. ANN. art. 26.13(c). The trial court may make the required admonitions either orally or in writing. TEX. CODE CRIM. PROC. ANN. art. 26.13(c); *Munoz v. State*, 840 S.W.2d 69, 75 (Tex. App.—Corpus Christi 1992, pet. ref'd). In this case, the trial court orally admonished Nichols that "the punishment could be anywhere from five up to 99 years in prison."[8] Nichols was also admonished in writing concerning the correct range of

---

[8]Although the enhanced range of punishment also included the possibility of life imprisonment, the trial court's oral admonishment was otherwise correct for the enhanced offense.

6

punishment for the enhanced offense.[9]  Although Nichols was admonished as to the range of punishment with the enhancement, nothing was said concerning the range of punishment that would be possible without the enhancement.

The applicable punishment range of the unenhanced charged offense was a second-degree felony, which is not less than two years', but not more than twenty years' imprisonment.  TEX. PENAL CODE ANN. § 12.33 (West 2011).  The punishment range of the enhanced offense, in contrast, is life imprisonment or not less than five years, but not more than ninety-nine years. TEX. PENAL CODE ANN. §§ 12.32, 12.42(b) (West 2011).  As noted above, Nichols later pled true to the alleged enhancement[10] and Nichols was correctly admonished in writing concerning the actual range of punishment—the punishment range for the enhanced offense.

The State claims that this argument has been forfeited because it was not raised in the trial court.  We disagree.  "[A] court's failure to properly admonish a defendant cannot be forfeited and may be raised for the first time on appeal unless it is expressly waived."  *Bessey v. State*, 239

---

[9]The omnibus boilerplate document discussed above contained the following checked admonishment:

> [X] **SECOND DEGREE FELONY WITH ONE ENHANCEMENT**:   if a second degree felony is enhanced with one prior felony conviction, a term of life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice; and in addition $10,000.00 may be assessed.

The document also contains a correct admonishment for a second-degree felony, but the box next to this admonishment had not been checked.

[10]Texas law does not require a defendant to be admonished concerning the enhanced punishment range.  *Sylvester v. State*, 615 S.W.2d 734, 736 (Tex. Crim. App. [Panel Op.] 1981).  The better practice, though, is to admonish the defendant concerning both the unenhanced and enhanced range of punishment.  *See Harvey v. State*, 611 S.W.2d 108, 112 (Tex. Crim. App. 1981).

S.W.3d 809, 812 (Tex. Crim. App. 2007). A defendant's right to be properly admonished is a waivable-only right, because a trial court has a statutory duty to properly admonish defendants as described by Article 26.13 of the Texas Code of Criminal Procedure. *Id*. at 812–13. A waivable-only right may be raised for the first time on appeal. *See Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004); *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993), *modified on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997). "[A] court's failure to properly admonish a defendant cannot be forfeited by inaction and may be raised for the first time on appeal unless it is expressly waived." *Sims*, 326 S.W.3d at 712.

To the extent the trial court's admonishment was not absolutely correct, the trial court's admonishment was in substantial compliance. The Texas Court of Criminal Appeals has held that a trial court substantially complies with Article 26.13 when the actual sentence given was within the range of the erroneous admonishment. *Martinez v. State*, 981 S.W.2d 195, 196 (Tex. Crim. App. 1998) (per curiam). "When a record shows that the trial court delivered an incorrect admonishment regarding the range of punishment, and the actual sentence lies within both the actual and misstated maximum, substantial compliance is attained." *Martinez*, 981 S.W.2d at 197. Similar to *Martinez*, the actual sentence lies within both the actual and "misstated"[11] maximum range. The trial court substantially complied.

---

[11] The range of punishment was only misstated because a plea to the enhancement had yet to occur. The admonishment was correct for the actual punishment range of the enhanced offense.

### (3) Nichols Failed to Meet His Burden to Establish that He Did Not Understand the Consequences of His Plea

The last issue is whether Nichols has affirmatively shown he did not understand the consequences of his plea. Subsection (c) of Article 26.13 provides:

> In admonishing the defendant . . . substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

TEX. CODE CRIM. PROC. ANN. art. 26.13(c). If the trial court substantially complies with Article 26.13, the defendant has the burden, under Article 26.13(c), to show he pled guilty without understanding the consequences of his plea and, consequently, suffered harm. *Martinez*, 981 S.W.2d at 197.

Nichols argues he was misled because the order amending the indictment did not include the enhancement,[12] the trial court failed to explain the significance of the enhancement,[13] and claims his decision to plead guilty would have changed. None of these arguments are supported by the record. Nichols has not directed this Court to where in the record there is evidence that he did not understand the consequence of his plea and was misled or harmed. Our own review of the record did not find any evidence affirmatively establishing that Nichols was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

---

[12]The order amending the indictment concludes "then continuing as set out in the original indictment."

[13]Nichols correctly notes any admonishment concerning a plea to an enhancement is discretionary with the trial court. *See Harvey*, 611 S.W.2d at 111–12 (noting the better practice is to admonish defendant).

9

Because the trial court's admonitions were in substantial compliance, it was Nichols' burden to establish he did not understand the consequences of his plea and was misled or harmed. Nichols has failed to meet this burden.

For the reasons stated, we affirm.


Bailey C. Moseley
Justice

Date Submitted:     September 2, 2011
Date Decided:       September 6, 2011

Publish