

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00103-CR

BIANCA CISSOKO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 42247-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Pursuant to an open plea of guilty, Bianca Cissoko was convicted of possession of a controlled substance in Penalty Group 4 in an amount greater than 400 grams[1] and was sentenced to twelve years' imprisonment.[2] No fine was imposed.

In her sole point on appeal, Cissoko claims that, because the trial court's admonishment regarding the applicable statutory fine was incorrect, her plea was involuntary. We disagree and affirm the judgment of the trial court.

At the plea hearing in May 2012, the trial court inquired into the voluntary nature of the plea:

> THE COURT: One of the most important rights that you waive by pleading guilty is the right to have a jury trial. Do you understand that?
>
> [The Defendant]: Yes, sir.
>
> THE COURT: You have the absolute right to have a jury trial in this case. . . . Do you understand you have that right?
>
> [The Defendant]: Yes, sir.
>
> THE COURT: Understanding that, you can also tell me that you don't want a jury trial and that instead you'd rather plead "guilty" as you're doing here this morning. Do you want a jury trial in this case?
>
> [The Defendant]: No, sir.
>
> THE COURT: Is anybody forcing you to give up that right?

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.118(e) (West 2010).

[2] In June 2011, Cissoko traveled by Amtrak from Detroit, Michigan, to Longview, Texas. Cissoko was bound for Houston but was arrested in Longview after a search of her luggage by Drug Enforcement Administration agents revealed that it contained nineteen one-pint bottles of Prometh with Codeine cough syrup and nine additional bottles of the same substance in various sizes.

2

[The Defendant]:  No, sir.

THE COURT:  You're doing so voluntarily?

[The Defendant]:  Yes, sir.

THE COURT:  Also, by pleading "guilty," you waive the rights you have to confront or question the witnesses who could testify against you.  The State will not have to call any witnesses today to prove their case.  Instead, they can introduce your Stipulation of Evidence, any offense reports, lab reports, or witness statements they feel are needed.  And that, along with your plea of "guilty," will be enough for me to find you guilty. Do you understand that?

[The Defendant]:  Yes, sir.

. . . .

THE COURT:  Now, the offense of possession of a controlled substance in Penalty Group 4, over 400 grams, is a first degree -- is it a 5 to 99?

[State's Attorney]:  Judge, it's 5 to 99 or life, with a minimum fine of something greater than $10,000.  I don't know the number . . . .

THE COURT:  I think -- is it a $20,000 fine?

[State's Attorney]:  Judge, I don't want to lie to you.  I don't know.

THE COURT:  I'll check on that.  This is a first degree felony.  The range of punishment is anywhere from 5 . . . years up to 99 years or life in prison and a fine of . . . greater than $10,000, I believe.  It's at least $20,000 minimum, if I impose a fine.  Do you understand that?

[The Defendant]:  Yes, sir.

. . . .

THE COURT:  Are you pleading guilty to this offense because you are guilty and for no other reason?

[The Defendant]:  Yes, sir.

3

On the day of the hearing, Cissoko signed a written plea admonishment, further explaining the range of punishment and fine. The written admonishment advised that, if convicted, Cissoko would face a range of punishment for a first degree felony: "A term of life or any term of not more than ninety-nine years or less than five years in the Institutional Division of the Department of Criminal Justice and in addition, a fine not to exceed $10,000.00."

Having been charged pursuant to Section 481.118(e) of the Texas Health and Safety Code, Cissoko was subject to the punishment range as stated on the record at the plea hearing by the trial court and as indicated in the written admonishment. A fine under this section, however, is not to exceed $50,000.00. TEX. HEALTH & SAFETY CODE ANN. § 481.118(e). The written admonishment indicating the fine was not to exceed $10,000.00 was thus incorrect, as was the trial court's admonishment that the fine is "at least $20,000 minimum . . . ." Cissoko contends the mistakes in both the written and oral admonishments were confusing and resulted in an involuntary plea agreement.[3] If a guilty plea is not free and voluntary, the trial court is not to accept it. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West Supp. 2013).

In determining the voluntariness of a plea, we consider the totality of the circumstances viewed in light of the entire record. *Griffin v. State*, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986); *Ybarra v. State*, 93 S.W.3d 922, 925 (Tex. App.—Corpus Christi 2002, no pet.); *see*

[3]An earlier plea hearing was held in trial court cause number 41,261-B in December 2012. At that hearing, Cissoko attempted to plead guilty to possession of a controlled substance (codeine) with intent to deliver, in an amount of 400 grams or more. The trial court admonished Cissoko at that hearing that the applicable range of punishment was that of a first degree felony—imprisonment for a term of five-to-ninety-nine years or life and a fine not to exceed $10,000.00. The trial court refused to accept Cissoko's plea of guilty after Cissoko testified that she did not know the controlled substance was in the suitcase. Cissoko claims that this earlier, improper admonishment, when taken together with the improper admonishment in the instant case, led her to believe the offense was not as serious as it actually is. The admonishment given at the December 2012 hearing pre-dated the January 2013 indictment in this case and is not relevant to the instant appeal. This is especially true in light of the fact that Cissoko's attempted guilty plea in December 2012 was not accepted by the trial court.

4

*Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). "Prior to accepting a plea of guilty . . . , the court shall admonish the defendant of . . . the range of punishment attached to the offense." TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (West Supp. 2013). "In admonishing the defendant . . . , substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." TEX. CODE CRIM. PROC. ANN. art. 26.13(c) (West Supp. 2013); *see VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007); *Seagraves v. State*, 342 S.W.3d 176, 183 (Tex. App.—Texarkana 2011, no pet.). A trial court substantially complies with Article 26.13 when the actual sentence is within the range of the erroneous admonishment. *Martinez*, 981 S.W.2d at 196; *Nichols v. State*, 349 S.W.3d 612, 617 (Tex. App.—Texarkana 2011, pet. ref'd).

Although the trial court's admonishment with respect to a potential fine was incorrect, Cissoko was not fined. The actual sentence imposed—twelve years' incarceration—is within the range of the admonishment given. The trial court substantially complied with Article 26.13. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2013).

Because the trial court substantially complied, the burden shifted to Cissoko to show she did not understand the consequences of her guilty plea and to show how she was harmed by the incorrect admonishment. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(c); *Martinez*, 981 S.W.2d at 197. Cissoko claims she was confused by the incorrect admonishment and was thereby led to believe the offense was less serious than it actually was. This argument is not supported by the record. Cissoko fails to state where, in the record, there is evidence that she failed to understand

the consequences of her plea or that she was in some way misled or harmed by the admonishment. Indeed, the record indicates that Cissoko was actually aware of the consequences of her plea and was not misled by the court's incorrect statement regarding a fine.

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:     November 8, 2013
Date Decided:       November 13, 2013

Do Not Publish

6