# NO. 12-13-00267-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRIAN KELLEY,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Brian Kelley appeals his conviction for the offense of aggravated assault with a deadly weapon. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

The victim, his wife, and two friends shot pool at a bowling alley in Lufkin, Texas. At the same time, Appellant was at the bowling alley with his father, mother, and sisters, among other people. Appellant and his parents consumed large amounts of alcohol while at the bowling alley. As the evening progressed, Appellant went outside the bowling alley near the parking lot, and engaged in a heated discussion involving Appellant's ex-girlfriend and her current boyfriend, who were also present at the bowling alley. Appellant made a racial slur during this discussion, which was overheard by one of the victim's friends, who was also in the parking lot area to smoke a cigarette.[1] The victim's friend returned to the bowling alley and mentioned the problem to his party.

---

[1] The victim's friend was a member of the racial group to which the comment was directed.

Later, as the victim's party attempted to walk to their cars in the parking lot, they discovered that Appellant and his family were still in the lot. According to the victim, Appellant's mother started an altercation with the victim's wife. As the victim attempted to place himself between his wife and Appellant's mother to prevent the escalation of the argument, Appellant swiftly stabbed the victim in the throat with a knife.[2] One of the victim's friends, an armed concealed handgun license holder, drew his handgun. Appellant then left the scene. The victim suffered serious injuries and was flown by emergency helicopter to Houston.

Appellant was arrested and indicted for aggravated assault with a deadly weapon. Appellant made an open plea of "guilty" to the charged offense. The trial court accepted his plea and scheduled a sentencing hearing for a later date. Appellant failed to appear for the hearing. Consequently, the trial court forfeited Appellant's bond and issued a warrant for his arrest. Appellant appeared at the rescheduled hearing.[3] After the hearing, the trial court sentenced Appellant to sixteen years of imprisonment. This appeal followed.

## JURISDICTION

As part of Appellant's open plea of guilt, he signed an omnibus boilerplate form that provided several admonishments, including a waiver of his right to appeal.[4] When Appellant appealed to this court, the trial court's certification stated that he had no right to appeal. We abated the case and ordered the trial court to issue a new certification, or alternatively, findings of fact and conclusions of law explaining how Appellant waived his right of appeal. The trial court issued another certification, which stated that Appellant had the right to appeal matters related only to his sentencing.

The record includes no evidence of a plea bargain between the State and Appellant. Moreover, the punishment to be assessed was not known by Appellant at the time he signed the

---

[2] When interviewed by police, Appellant alleged that the victim shoved and tried to choke his mother, which is why he attacked the victim. During the interview, Appellant also stated that his father was the person who stabbed the victim. Appellant admitted later in the interview that he stabbed the victim.

[3] The record is unclear whether Appellant was arrested and brought before the court, or whether he voluntarily appeared at the rescheduled hearing.

[4] The admonishment provided as follows: "Where you plead guilty . . . without a plea bargain agreement, all nonjurisdictional defects, including claimed deprivations of federal due process, are waived and no appeal may be made."

presentence waiver. Therefore, the waiver is not enforceable. *See* ***Nichols v. State***, 349 S.W.3d 612, 615 (Tex. App.—Texarkana 2011, pet. ref'd). Consequently, we have jurisdiction over the appeal, Appellant's appeal is fully before this court, and we will not limit its scope as suggested by the trial court's amended certification. *See **id.***

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***. Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with ***Anders***, ***Gainous***, and ***High v. State***, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[5]

With regard to the admonishment regarding Appellant's right to appeal, we note that counsel briefed all phases of the trial as part of his brief complying with ***Anders***, and not merely matters relating to sentencing. Counsel concluded that there are no issues pertaining to Appellant's guilty plea, and we agree. *See **Sims v. State***, 326 S.W.3d 707, 712-13 (Tex. App.—Texarkana 2010, no pet.) (holding that same trial court's identical erroneous admonishment relating to right of appeal did not render plea involuntary). We have reviewed the record for reversible error and have found none.

## CONCLUSION

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted*** and the appeal is ***affirmed***.

---

[5] Counsel for Appellant states in his motion to withdraw that he provided Appellant with a copy of this brief. Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired and no pro se brief has been filed.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered July 9, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 9, 2014**

**NO. 12-13-00267-CR**

**BRIAN KELLEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2012-0354)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*