**Opinion issued October 2, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00545-CR

————————————

**OLEN WARE II, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 208th District Court
Harris County, Texas
Trial Court Case No. 1328054

## MEMORANDUM OPINION

Appellant Olen Warren II was charged by indictment with capital murder.[3]

Appellant pleaded not guilty, and a jury found him guilty of the lesser-included

offense of felony murder.[4]  The jury assessed punishment at 60 years in prison.

Presenting one issue on appeal, Appellant asserts that the trial court abused its discretion when it did not permit him to make an opening statement at the punishment stage of trial.

We affirm.

## Background

Peggy Ariza and her son, Edward Hernandez, were involved with the sale of marijuana out of Ariza's home. Appellant, along with three other men, went to Ariza's home with the intent of robbing her and Hernandez. Once at the home, Appellant shot and killed Ariza. The jury found Appellant guilty of felony murder.

When the punishment phase of the trial began, the State did not make an opening statement. It re-offered all of the evidence that it had offered in the guilt-innocence phase and called seven witnesses to testify.

After the State rested, Appellant requested to make an opening statement before presenting his punishment evidence. The trial court denied Appellant's request to make an opening statement. Appellant presented two witnesses during the punishment phase: himself and his mother.

The testimony of Appellant's mother, Cheryl, indicated that Appellant had been a well-behaved child and a good student while growing up. Cheryl's testimony also indicated that Appellant was raised in a stable home with a

supportive family. She testified that Appellant had been working and attending college before he committed the offense.

Cheryl stated that she noticed a change in Appellant in 2011. She testified that, at that time, Appellant found out that his girlfriend had aborted a baby of which Appellant was the father. Cheryl stated that this had made Appellant very angry. At the end of her testimony, Cheryl testified that she and the family would be there to support Appellant when he was released from prison.

In his testimony, Appellant admitted to shooting and killing Ariza during the failed robbery. He apologized to complainant's family and expressed remorse for what he had done. Appellant also admitted that he had frequently smoked marijuana during the time period preceding the commission of the offense. He also admitted that he had participated in a burglary in the months following the complainant's murder.

Appellant testified that he had been in jail since his arrest and that he had not gotten into trouble while incarcerated. Appellant also stated that he plans to become certified for different trades while in prison so that he can find a job when released and "live a normal life."

At the close of evidence, the State and Appellant each presented a closing argument to the jury regarding punishment, summing up the evidence presented during the punishment phase. During her closing remarks, Appellant's counsel

reminded the jury that Appellant was only 22 years old and asked the jury "to give [Appellant] a sentence where he will have a meaningful life." The jury assessed Appellant's punishment at 60 years in prison.

This appeal followed. In his sole issue, Appellant asserts that the trial court erred at the punishment phase by refusing his request to make an opening statement to the jury before presenting his punishment evidence.

## Opening Statement during Punishment

The right to make an opening statement is a statutory one, not a constitutional imperative or mandate. *Moore v. State*, 868 S.W.2d 787, 788–89 (Tex. Crim. App. 1993). Article 36.01 outlines the order of proceedings for the guilt-innocence portion of trial. *See* TEX. CODE CRIM. PROC. ANN. art. 36.01 (Vernon 2007). The statute provides for the making of opening statements by the State and by the defense. *See id.*

To support his position on appeal, Appellant relies specifically on article 36.01(a)(5), which provides that, after the State has presented its case, a defendant will state "[t]he nature of the defenses relied upon and the facts expected to be proved in their support . . . ." *Id.* art. 36.01(a)(5); *see also id.* art. 36.01(a)(3),(4) (providing for the presentation of the State's case). Thus, during the guilt-innocence stage, a defendant is entitled to present an opening statement to the jury following the close of the State's case-in-chief. *See id.* art. 36.01(a)(5).

4

In *Penry v. State*, 903 S.W.2d 715, 760 (Tex. Crim. App. 1995), the Court of Criminal Appeals held that the opening-statement requirements of article 36.01 are not applicable to punishment proceedings. Article 37.07 establishes the procedures for the punishment phase of trial in this case. *See* CRIM. PROC. art. 37.07 (Vernon Supp. 2014). That article does not contemplate the presentation of opening statements. *See id.* Accordingly, we hold that the trial court did not err in refusing Appellant's request to make an opening statement before the presentation of his punishment evidence. *See Love v. State*, 69 S.W.3d 678, 681 (Tex. App.— Texarkana 2002, pet. ref'd) (holding that trial court did not err in refusing to permit the appellant to make an opening statement during punishment stage of trial).

Even if we presume that the trial court erred by refusing to allow Appellant to make an opening statement, the error is harmless. The failure to permit Appellant to present an opening statement is statutory error; thus, the proper harm analysis is that for reviewing non-constitutional error under Texas Rule of Appellate Procedure 44.2(b). *See Aguirre–Mata v. State*, 992 S.W.2d 495, 498 (Tex. Crim. App. 1999); *Guillory v. State*, 397 S.W.3d 864, 867 (Tex. App.— Houston [14th Dist.] 2013, no pet.). Non-constitutional error requires reversal only if it affects the substantial rights of the accused. *See* TEX. R. APP. P. 44.2(b); *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011). A substantial right is affected when the error had a substantial and injurious effect or influence in

determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). We will not overturn a criminal conviction for non-constitutional error if, after examining the record as a whole, we have fair assurance that the error did not influence the jury, or had but a slight effect on its verdict. *See Barshaw*, 342 S.W.3d at 93.

The purpose of an opening statement is to communicate to the jury the party's theory of the case to aid the jury in evaluating and understanding the evidence to be presented. *McGowen v. State*, 25 S.W.3d 741, 747 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). A defendant's opening statement shall state "[t]he nature of the defenses relied upon and the facts expected to be proved in their support." CRIM. PROC. art. 36.01(a)(5). "[A]n opening statement is particularly valuable in a case where the defensive theory may strongly conflict with the State's case and may not be easily understood by the jury without the assistance of a prior outline or explanation of the defense case and where a defendant presents testimony from several witnesses." *McGowen*, 25 S.W.3d at 747.

Here, Appellant presented only his own testimony and that of his mother. Their testimony was straightforward and could have been easily understood by the jury without a prior outline or explanation by the defense. *Cf. id.* at 748 (finding error in refusing to permit defendant to make opening statement, during *guilt-*

6

*innocence stage* of murder trial, was harmful error because defense presented complex self-defense theory over two day period, with testimony from nine witnesses). Appellant's defensive strategy at the punishment phase–showing that he had good attributes, was remorseful, and was willing to take responsibility— was not complicated. The evidence was straightforward, and the jury did not need an opening statement to understand Appellant's contentions. Even had his contentions required further explanation, Appellant provided such explanation in his closing argument. Moreover, the State also did not make an opening statement at the punishment phase; thus, it did not have an advantage in the presentation of its punishment evidence.

On this record, we have fair assurance that the trial court's alleged error in refusing to allow Appellant to make an opening statement at the punishment phase did not influence the jury, or had but a slight effect on the punishment it assessed. Thus, we hold that the purported error did not affect Appellant's substantial rights and, consequently, was harmless error. *See* TEX. R. APP. P. 44.2(b); *see also Davis v. State*, 22 S.W.3d 8, 10, 13 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (holding error in refusing to permit defendant to make opening statement during guilt-innocence was harmless error because case was uncomplicated possession of cocaine case that lasted only one day).

We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

                                                  Laura Carter Higley
                                                  Justice

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish.  TEX. R. APP. P. 47.2(b).