FILE COPY



**CAUSE NO. 12-14-00369-CR**

**IN THE COURT OF APPEALS**

**TWELFTH COURT OF APPEALS DISTRICT**

**TYLER, TEXAS**

| | | |
|---|---|---|
| **ERIC GRIFFIN MOORE, APPELLANT** | } | **APPEALED FROM 145TH DISTRICT COURT** |
| **V.** | } | **IN AND FOR** |
| **THE STATE OF TEXAS, APPELLEE** | } | **NACOGDOCHES COUNTY, TEXAS** |

---

### *PER CURIAM ORDER ON ABATEMENT AND REMAND*

Appellant, Eric Moore, appeals "this case" in which he was convicted, following a guilty plea, for two counts of sexual assault of a child. After examining the appellate record, we abate the appeal and remand the case for further proceedings. *See* TEX. R. APP. P. 25.2(a)(2), 34.5(c)(2), 37.1; ***Dears v. State***, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005).

### The Trial Court's Certification

A trial court is required to enter a certification of a defendant's right of appeal in every case in which it renders a judgment of guilt or other appealable order. *See* TEX. R. APP. P. 25.2(a)(2). In this case, the trial court signed two certifications—one dated September 17, 2014, and another dated December 11, 2014. Both certifications are signed by Appellant and his counsel. The September 17 certification states that this case "is a plea-bargain case, and the defendant has NO right of appeal," followed by the handwritten notation "as to guilt phase of proceedings." The certification also states that "the defendant has waived the right of appeal." The December 11 certification states that this case "is a plea-bargain case, and the defendant has NO right of appeal," followed by the handwritten notation "except as to sentencing." The certification also states that "the defendant has waived the right of appeal," followed by the handwritten notation "as to guilt only."

### The Record

The clerk's record includes a document entitled "FELONY-DEFENDANT'S PLEA OF GUILTY WAIVER, STIPULATION AND JUDICIAL CONFESSION" signed by Appellant and his counsel. The document does not include any language that suggests the existence of a plea bargain on either count of the indictment. However, the document contains various waivers of rights, including the following:

> I further understand that in the event I am convicted I have the legal right of appeal to the Twelfth Court of Appeals of Texas, and also the right to be represented on appeal by an attorney or the record on appeal, [sic] the Court will, without expense to me and upon my timely and proper request provide an attorney and a proper record for such appeal; HOWEVER, I WAIVE ANY RIGHT TO A MOTION FOR NEW TRIAL OR APPEAL AND WISH TO ACCEPT SENTENCE.

Also included in the clerk's record is a document entitled "ADMONITIONS TO DEFENDANT." This document includes an initial statement that "[t]he punishment agreed to between the State and you, the Defendant in the plea bargain is:" followed by a fill-in-the-blanks-checklist of possible punishments and a final item, "_____WAIVER OF ANY APPEAL." A large "X" appears across the initial statement and checklist. The blank preceding the final item pertaining to waiver of appeal is not checked. This document is signed by Appellant and his counsel. A document entitled "AGREED PUNISHMENT RECOMMENDATION" also appears in the clerk's record. However, an "X" is drawn across all text in the document, and the document is unsigned.

**Applicable Law**

A criminal defendant has a right to appeal an adverse judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2. But a defendant may contract away this right through an express waiver. *See **Ex parte Broadway***, 301 S.W.3d 694, 697-98 (Tex. Crim. App. 2009). A valid waiver will prevent a defendant from appealing without the consent of the trial court. *See **Monreal v. State***, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). To be valid, the waiver must be voluntary, knowing, and intelligent. ***Ex parte Delaney***, 207 S.W.3d 794, 799 (Tex. Crim. App. 2006).

Generally, when a defendant waives his right to appeal before sentencing and without an agreement on punishment, the waiver is not valid. *See **Washington v. State***, 363 S.W.3d 589, 589-90 (Tex. Crim. App. 2012) (per curiam). But the Texas Court of Criminal Appeals has held

that presentencing waivers are enforceable if they are part of a plea bargain or the state has given some consideration for the waiver. ***Ex parte Broadway***, 301 S.W.3d at 699; ***Ex parte Delaney***, 207 S.W.3d at 799. This rule applies even if the defendant does not purport to waive his right to appeal punishment issues. ***Nichols v. State***, 349 S.W.3d 612, 614-15 (Tex. App.–Texarkana 2011, pet. ref'd).

## Abatement

In the instant case, Appellant signed a presentence waiver of his right to appeal. The judgment of conviction for each count states that the plea agreement was **EIGHTEEN (18) YEARS INSTITUTIONAL DIVISION, TDCJ."** Neither the "FELONY-DEFENDANT'S PLEA OF GUILTY WAIVER, STIPULATION AND JUDICIAL CONFESSION" nor the "ADMONITIONS TO DEFENDANT" shows that a plea bargain existed or that the State gave any consideration for Appellant's waiver of his right to appeal. Moreover, Appellant executed the document including the purported waiver on September 17, 2014. According to the judgments, his sentence was imposed on December 11, 2014. There is nothing in the record before us that shows Appellant knew what his punishment would be at the time he executed the document containing the purported waiver. *See **Delaney***, 207 S.W.3d at 797. Consequently, we cannot conclude that the record shows Appellant waived his right to appeal.

Based on our review of the record, it appears that the trial court's certification is defective. *See **Dears***, 154 S.W.3d at 614 (holding that a defective certification includes one that is correct in form but, when compared to the record, proves to be inaccurate). Accordingly, we abate the appeal and remand the case to the trial court to conduct a hearing, if necessary, to determine whether Appellant and the State entered into an agreement under which Appellant agreed to waive his right to appeal for consideration provided by the State, and the terms of any such agreement. *See* TEX. R. APP. P. 34.5(c), 44.3, 44.4; ***Dears***, 154 S.W.3d at 614. The trial court shall cause any hearing to be transcribed, make findings of fact and conclusions of law supporting its determination, and issue any orders necessary for resolution of the issue.

We further direct that, after making its determination, the trial court re-certify whether Appellant has the right to appeal. The trial court's findings of fact and conclusions of law, the re-certification, and any orders it renders shall be included in a supplemental clerk's record. The reporter's record of any hearing conducted shall be included in a supplemental reporter's record. **The trial court shall, within thirty days of the date of this order, cause the clerk of the trial court and the court reporter to forward to this Court any supplemental record prepared in compliance with this order.**

FILE COPY

**WITNESS** the Honorable James T. Worthen, Chief Justice of the Court of Appeals, 12th Court of Appeals District of Texas, at Tyler.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at my office this 2nd day of March 2015, A.D.



CATHY S. LUSK, CLERK
12th Court of Appeals

By: ___Katrina McClenny_____
Katrina McClenny, Chief Deputy Clerk