In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00206-CR
NO. 09-15-00207-CR
NO. 09-15-00208-CR
NO. 09-15-00209-CR

_____

**JOSHUA MICHAEL LONG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-01-00100-CR (Counts I, II, III, and IV)**

**MEMORANDUM OPINION**

Appellant Joshua Michael Long appeals from the revocation of his deferred adjudication community supervision and imposition of sentence for four counts of possession of child pornography. In a single issue[1], Long argues that the trial court

_____

[1] The trial court certified Long's right to appeal from the judgment adjudicating guilt, stating that this case "is not a plea-bargain case[,] and the [d]efendant has the right of appeal[] *as to punishment only*." (Italicized language

1

erred when it denied defense counsel's request to make an opening statement during the hearing on the State's motion to adjudicate guilt. We affirm.

## Background

Long was charged by indictment with four counts of possession of child pornography, a third-degree felony. *See* Tex. Penal Code Ann. § 43.26(a) (West Supp. 2015).[2] On February 4, 2014, Long entered pleas of guilty to all four counts.

---

handwritten in original). The record reflects that Long signed a waiver of his right to appeal on February 4, 2014, prior to the trial court placing him on deferred adjudication community supervision. Long executed the waiver without a plea agreement or sentencing recommendation from the State; thus, the record does not appear to show that the State gave any consideration for the waiver. There is also no indication that Long signed a separate waiver of his right to appeal at any time after the original plea proceeding. In order for a pre-sentencing waiver of the right to appeal to be valid, the waiver must be part of a plea agreement containing an agreement on punishment or the State must have given the defendant consideration in exchange for the waiver. *See Washington v. State*, 363 S.W.3d 589, 589–90 (Tex. Crim. App. 2012) (per curiam); *Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009); *Ex parte Delaney*, 207 S.W.3d 794, 798–99 (Tex. Crim. App. 2006). Because there is nothing in the record to indicate that Long's written waiver was bargained for, that any agreement existed as to Long's punishment, or that any consideration was given by the State for the waiver, we conclude that Long's waiver of his right to appeal is not enforceable. *See Washington*, 363 S.W.3d at 589–90; *Broadway*, 301 S.W.3d at 697–99; *Delaney*, 207 S.W.3d at 798–99. Therefore, Long's appeal is fully before this Court, and we will not limit its scope as suggested by the trial court's handwritten addendum to the certification. *See Nichols v. State*, 349 S.W.3d 612, 615 (Tex. App.—Texarkana 2011, pet. ref'd).

[2] The indictment alleged that Long committed the offenses at issue on or about December 10, 2012. We note that the Texas Legislature amended section 43.26 of the Texas Penal Code in 2013 and 2015. Because the amended portions of

On May 23, 2014, the trial court found the evidence sufficient to find Long guilty on each count, but the court deferred further proceedings without entering an adjudication of guilt and placed Long on community supervision for a period of ten years.

On November 13, 2014, the State filed a motion to adjudicate Long's guilt, alleging in ten counts that Long had violated the conditions of his community supervision. Thereafter, the trial court held a hearing on the State's motion to adjudicate, during which Long entered pleas of "true" to seven of the counts alleged in the State's motion and "not true" to the remaining three counts. After receiving evidence, the trial court found the allegations in five of the counts alleged in the motion to adjudicate to be true. The trial court adjudicated Long guilty of all four counts of possession of child pornography, sentenced him to nine years in prison for each count, and ordered the sentences to be served consecutively. This appeal followed.

## Opening Statement

In his sole issue, Long argues that the trial court erred when it denied defense counsel's request to make an opening statement during the hearing on the State's motion to adjudicate guilt. At the outset of the adjudication hearing, before

the statute do not affect the disposition of this appeal, we cite to the current code provision.

the State began its presentation of evidence, the trial court called for the State to make an opening statement. The prosecutor responded, "Judge, I'll waive opening." Long then entered his pleas to the allegations contained in the State's motion to adjudicate. Immediately thereafter, defense counsel stated, "Judge, I'd like to make a little opening argument even though [the prosecutor] waived hers." The trial court denied this request, stating: "You cannot. Unfortunately, if the State doesn't make an opening, you don't have the right [to] make one either." Long claims that his attorney's request to make an opening statement was timely and that the trial court's denial of that request constituted reversible error.

"The right to make an opening statement is a statutory right and not a constitutional imperative or mandate." *Moore v. State*, 868 S.W.2d 787, 788–89 (Tex. Crim. App. 1993). To support his argument that he had a right to make an opening statement during the hearing on the State's motion to adjudicate guilt, Long relies on *Espinosa v. State*, which addressed a defendant's right to present an opening statement under article 36.01 of the Texas Code of Criminal Procedure. 29 S.W.3d 257, 258–60 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). Article 36.01 grants the defendant a statutory right to present an opening statement to the jury. *See* Tex. Code Crim. Proc. Ann. art. 36.01(a)(5), (b) (West 2007). Under article 36.01, defense counsel is entitled to make an opening statement either

4

"immediately after the attorney representing the State makes the opening statement for the State[,]" or immediately after the presentation of the State's evidence. *Id*.; *accord Moore*, 868 S.W.2d at 789. However, if the State chooses to waive its opening statement, article 36.01 only entitles the defendant to make an opening statement after the State concludes its presentation of evidence. *Moore*, 868 S.W.2d at 790–91. A trial court's denial of a timely request to make an opening statement under article 36.01 amounts to the "denial of a valuable right, and may constitute error." *Id*. at 789.

Article 36.01, however, specifies the order of proceedings in the guilt-innocence stage of a criminal action before a jury. *See* Tex. Code Crim. Proc. Ann. art. 36.01(a) ("A jury being impaneled in any criminal action . . . , the cause shall proceed in the following order . . . ."); *accord Penry v. State*, 903 S.W.2d 715, 760 (Tex. Crim. App. 1995) (concluding that "[a]rticle 36.01 sets out the order of proceedings at the [guilt-innocence] phase of trial" and "does not apply to the punishment phase of trial"); *Moore*, 868 S.W.2d at 789 ("Article 36.01 sets out the order of proceeding in any criminal action involving a jury[.]"); *Reed v. State*, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973) (concluding that article 36.01 "specifies the order of proceeding in a jury trial" and does not address the procedures applicable in the penalty stage of a bifurcated trial when punishment is tried to the

5

court alone); *Clardy v. State*, 436 S.W.2d 535, 537 (Tex. Crim. App. 1968) (concluding that article 36.01 "relates to the order of proceeding in a jury trial" and "has no reference to the procedure when the case is one in which a jury can be and has been waived"); *Love v. State*, 69 S.W.3d 678, 680 (Tex. App.—Texarkana 2002, pet. ref'd) (noting that article 36.01 governs the guilt-innocence phase in a jury trial); *Thornton v. State*, 957 S.W.2d 153, 156 (Tex. App.—Fort Worth 1997), *aff'd*, 986 S.W.2d 615 (Tex. Crim. App. 1999) ("Article 36.01 guides only a trial by jury."). It has no application in a hearing to adjudicate guilt and assess punishment that is conducted by the trial court in the absence of a jury. *See* Tex. Code Crim. Proc. Ann. art. 36.01; *cf. Detrich v. State*, 545 S.W.2d 835, 837 (Tex. Crim. App. 1977) (concluding that the requirements of article 36.01 "have no application to hearings on motions to revoke" probation); *Campbell v. State*, 456 S.W.2d 918, 919–20 (Tex. Crim. App. 1970) (noting that article 36.01 does not address the procedures that apply in a hearing on a motion to revoke probation).

Long has failed to cite, and we have not found, any statutory provision that provides a defendant with the right to make an opening statement in a hearing to adjudicate guilt or to assess the punishment of a defendant who has been placed on deferred adjudication community supervision. *See* Tex. Code Crim. Proc. Ann. arts. 37.03, § 3(d) (setting forth procedures applicable when the trial judge assesses

6

punishment), 42.12, § 5(b) (West Supp. 2015) (setting forth procedure to be followed when the defendant is alleged to have violated a condition of deferred adjudication community supervision, including procedure for a hearing to adjudicate guilt). We conclude that the trial court did not err in denying defense counsel's request to make an opening statement during the adjudication hearing. We overrule Long's sole issue and affirm the judgments of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on February 12, 2016
Opinion Delivered April 13, 2016
Do not publish

Before Kreger, Horton, and Johnson, JJ.

7